**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICROSOFT CORPORATION, a Washington corporation,** | § § § | |
| **Plaintiff** | § § § | |
| **vs.** | § § | **NO.** |
| **AVALA TECHNOLOGY, INC., a Georgia corporation d/b/a ESUPERDEAL.COM, SUPERDEALONLINE and/or SUPERDEALONLINE.COM; QI ZHANG, an individual; and JON SHAO, an individual,** | § § § § § § | |
| **Defendants.** | | |

## COMPLAINT

Microsoft Corporation ("Microsoft") brings this action against Defendants Avala Technology, Inc., a Georgia corporation d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com; Qi Zhang, an individual; and Jon Shao, an individual (collectively "Defendants"), alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; violation of the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, *et seq.*; and unfair competition. Microsoft seeks damages, an

accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.      Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.   Microsoft develops, markets, distributes, and licenses computer software.

2.      Upon information and belief, defendant Avala Technology, Inc. is a Georgia corporation that does business as esuperdeal.com, Superdealonline and/or Superdealonline.com on Internet websites and in Suwanee, Georgia.   Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com is engaged in the business of advertising, marketing, offering, and distributing computer software, including purported Microsoft software and components.

3.      Upon information and belief, defendant Qi Zhang, an individual, is an owner, operator, officer, shareholder, and/or otherwise controls Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com.   Upon information and belief, Qi Zhang resides and transacts substantial business in this district.   Upon information and belief, Qi Zhang (a) personally participated in

and/or (b) had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

4.     Upon information and belief, defendant Jon Shao, an individual, is an owner, operator, officer, shareholder, and/or otherwise controls Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com.   Upon information and belief, Jon Shao resides and transacts substantial business in this district.   Upon information and belief, Jon Shao (a) personally participated in and/or (b) had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

## **JURISDICTION**

5.     This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement, and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 18 U.S.C. §2318, 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Georgia pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Northern District of Georgia, (b) Defendants may be found in the Northern District of Georgia, and (c) Defendants have a sufficient connection with the Northern District of Georgia to make venue proper in this district, all as alleged in this Complaint.

## FACTS COMMON TO ALL CLAIMS

8.      Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.  Depending on the version, Microsoft's software programs are distributed recorded on discs, made available by Microsoft for download, or made available by Microsoft for pre-installation.  Microsoft software programs are distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, Certificates of Authenticity, product keys and other components.

9.      Microsoft Certificate of Authenticity labels ("COA(s)")  are currency-like certificates or labeling components that are distributed with Microsoft Windows software programs in order to help end-users verify whether they have genuine Microsoft software.

10.    A Microsoft product key is a 25-character alphanumeric code, arranged in five groups of five characters each.  Because Microsoft's copyrighted software is capable of being installed on a potentially unlimited number of computers, Microsoft uses product keys as one means of preventing or at least restricting the unauthorized copying of its software.

11.    Microsoft Windows 7:  Microsoft has developed advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 ("Windows 7").  Windows 7 is an operating system for desktop and laptop systems.  Microsoft holds a valid copyright in Windows 7 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.

12.    Office 2010 Professional:  Microsoft has also developed advertises, markets, distributes, and licenses Microsoft Office 2010 Professional ("Office 2010"), which is a suite of popular Microsoft software programs.  Microsoft holds a valid copyright in  Office 2010 (including text, photograph(s), computer program, artwork, audio visual, sounds, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Office 2010, bearing the number TX 7-219-

968, is attached hereto as Exhibit 1 and is incorporated by reference.  Office 2010 includes the following popular Microsoft software programs:

A.      Microsoft Excel 2010, a program that allows users to create spreadsheets, perform calculations, and store numerical data.  Microsoft holds a valid copyright in Microsoft Excel 2010 (including text, photograph(s), computer program, artwork, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2010, bearing the number TX 7-218-085, is attached hereto as Exhibit 2 and is incorporated by reference.

B.      Microsoft Outlook 2010, a program that allows users and networked teams to create and manage calendars, tasks, and contacts.  Microsoft holds a valid copyright in Microsoft Outlook 2010 (including text, computer program, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2010, bearing the number TX 7-206-501, is attached hereto as Exhibit 3 and is incorporated by reference.

C.      Microsoft PowerPoint 2010, a program that allows users to create, organize, and present overhead and slide presentations.  Microsoft holds a valid copyright in Microsoft PowerPoint 2010 (including text, photograph(s),

41826-5022/LEGAL124224955.1

computer program, artwork, audio, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2010, bearing the number TX 7-219-973, is attached hereto as Exhibit 4 and is incorporated by reference.

D.     Microsoft Word 2010, a program that allows users to create and edit reports and documents.  Microsoft holds a valid copyright in Microsoft Word 2010 (including text, photographs, computer program, artwork, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2010, bearing the number TX 7-206-498, is attached hereto as Exhibit 5 and is incorporated by reference.

E.     Microsoft Publisher 2010, a desktop publishing program that allows users to create, customize, and publish materials such as newsletters, brochures, flyers, catalogs, and websites.  Microsoft holds a valid copyright in Microsoft Publisher 2010 (including text, photograph(s), computer program, artwork, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration

Certificate for Microsoft Publisher 2010, bearing the number TX 7-206-489, is attached hereto as Exhibit 6 and is incorporated by reference.

      F.    Microsoft Access 2010, a program that allows users to create and manipulate databases and store data.  Microsoft holds a valid copyright in Microsoft Access 2010 (including text, computer program, including packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2010, bearing the number TX 7-206-461, is attached hereto as Exhibit 7 and is incorporated by reference.

      G.    Microsoft OneNote 2010, a computer program that allows users to organize text, pictures, digital handwriting, and notes in one spot so that it may be accessed and shared.  Microsoft holds a valid copyright in OneNote 2010 (including text, computer program, and packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft OneNote 2010, bearing the number TX 7-206-464, is attached hereto as Exhibit 8 and is incorporated by reference.

      13.    Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office

on the Principal Register, which can be found on its software and/or related components.  These include, but are not limited to the following:

A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236;

B.     "MICROSOFT," Trademark Registration No. 1,256,083;

C.     "WINDOWS," Trademark Registration No. 1,872,264;

D.     "MICROSOFT    OFFICE,"    Trademark    Registration    No. 3,625,391;

E.     "ACCESS," Trademark Registration No. 3,238,869;

F.     ACCESS   LAUNCH   ICON,   Trademark   Registration   No. 3,905,556;

G.     "EXCEL," Trademark Registration No. 2,942,050;

H.     EXCEL   LAUNCH   ICON,   Trademark   Registration   No. 3,905,558;

I.     OFFICE   2010   DESIGN,   Trademark   Registration   No. 4,029,299;

J.     "ONENOTE," Trademark Registration No. 2,844,710;

K.     ONENOTE   LAUNCH   ICON,   Trademark   Registration   No. 3,905,559;

L.    "OUTLOOK," Trademark Registration No. 2,188,125;

M.    OUTLOOK LAUNCH ICON, Trademark Registration No. 3,905,560;

N.    "POWERPOINT," Trademark Registration No. 1,475,795;

O.    POWERPOINT LAUNCH ICON, Trademark Registration No. 3,905,561;

P.    PUBLISHER LAUNCH ICON, Trademark Registration No. 3,909,142; and

Q.    WORD LAUNCH ICON, Trademark Registration No. 3,909,143;

True and correct copies of the Trademark Registrations for A through Q, above, are attached hereto as Exhibits 9 through 25, respectively, and are incorporated by reference.

## Defendants' Infringement

14.    Defendants advertised, marketed, offered and distributed counterfeit and unauthorized copies of Microsoft software and/or related components, infringing Microsoft's copyrights, trademarks, and/or service mark.

15.    On information and belief, Defendants advertise that they distribute Microsoft software and related components, and in their advertisements,

Defendants misappropriate and/or infringe Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks, and/or service mark.

16.    By email dated December 5, 2011, Microsoft warned Defendants about the consequences of distributing counterfeit and infringing copies of Microsoft software components.

17.    However, Microsoft was informed that, in 2012, Defendants distributed purported Windows 7 COAs to customers.  These COAs were analyzed and determined to be counterfeit and infringing.

18.    In or about April 2013, Defendants distributed to an investigator a Windows 7 COA that was analyzed and determined to be counterfeit and infringing.

19.    In May 2013, Microsoft sent Defendants a letter asking them to cease and desist from distributing counterfeit and infringing Microsoft software components.

20.    Nevertheless, in or about June 2013, Defendants distributed to an investigator a card that was the shape and size of a credit card, bearing an Office 2010 product key, indicating that it was to be used to download or activate a copy of Office 2010.  The card was analyzed and determined to be counterfeit and infringing.

21.     In or about January 2014, Defendants distributed to an investigator a similar card, bearing an Office 2010 product key, which was analyzed and determined to be counterfeit and infringing.

22.     In or about April 2014, Defendants distributed to an investigator a Windows 7 COA that was analyzed and determined to be counterfeit and infringing.

23.     On information and belief, these are not isolated incidents.  Rather, Defendants have been and continue to be involved in advertising, marketing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

24.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft.  On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks, and service mark.

25.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft and are continuing to violate the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, *et seq.*  On information and belief, at a minimum,

Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks, and service mark.

26.     On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright protected material as well as the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

### First Claim

### [Copyright Infringement – 17 U.S.C. § 501, *et seq.*]

### Against Defendants

27.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 26, inclusive.

28.     Microsoft is the sole owner of Microsoft Office 2010, Excel 2010, Outlook 2010, PowerPoint 2010, Word 2010, Publisher 2010, Access 2010, OneNote 2010, and of the corresponding copyrights and Certificates of Registration.

29.     Defendants have infringed the copyrights in Microsoft's software, including but not limited Microsoft Office 2010, Excel 2010, Outlook 2010, PowerPoint 2010, Word 2010, Publisher 2010, Access 2010, and OneNote 2010,

by advertising, marketing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

30.    At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

31.    As a result of their wrongful conduct, Defendants are liable to Microsoft for direct, contributory, and/or vicarious copyright infringement.   17 U.S.C. § 501.  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

32.    In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

33.    Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made

41826-5022/LEGAL124224955.1

whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

34.    Microsoft is also entitled to recover its attorneys' fees and costs of suit.  17 U.S.C. § 505.

## Second Claim

## [Trademark Infringement –  15 U.S.C. § 1114]

## Against Defendants

35.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36.    Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

37.    Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

38.    Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by

41826-5022/LEGAL124224955.1

customers, end users, and the public to signify software programs or services of Microsoft.

39. The infringing materials that Defendants have and are continuing to advertise, market, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

40. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

41. Upon information and belief, Defendants advertised, marketed, offered and/or distributed infringing material with the purposes of (a) misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and (b) trading upon Microsoft's business reputation.

42. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

43. As a result of their wrongful conduct, Defendants are liable to Microsoft for direct and/or contributory trademark infringement.   15 U.S.C. § 1114(1).   Microsoft has suffered damages.   Microsoft is entitled to recover

damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

44.    In addition, because Defendants' infringement of Microsoft's trademarks and service mark, as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

45.    Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, offered, or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

46.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  15 U.S.C. § 1117.

### Third Claim

### [False Designation Of Origin, False Description And Representation –

### 15 U.S.C. § 1125 *et seq.*]

### Against Defendants

47.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive.

48.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

49.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

50.     Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

41826-5022/LEGAL124224955.1

51.    Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging, which are virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

52.    Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin, authorization, and authenticity of the goods and services advertised, marketed, offered, or distributed in connection with Microsoft's marks, name, and visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

53.    Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

54.    As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, offered or distributed by Defendants.  Microsoft

has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name, and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, offering, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

**Fourth Claim**

**[Violation of the Anti-Counterfeiting Amendments Act of 2004 –**

**18 U.S.C. § 2318, *et seq.*]**

**Against Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline**

**and/or Superdealonline.com**

55.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 54, inclusive.

56.     Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com knowingly trafficked, and on information and belief, continues to traffic in counterfeit and/or illicit labels, in violation of 18 U.S.C. § 2318.

41826-5022/LEGAL124224955.1

57.     Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com, without Microsoft's authorization, distributed or intended for distribution counterfeit COAs and/or COAs without the copies of the software programs that such certificates or labeling components were intended by Microsoft to accompany.

58.     Microsoft has no adequate remedy at law for Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com's wrongful conduct, and its wrongful conduct is likely to continue unless restrained and enjoined.

59.     Microsoft is entitled to injunctive relief and to an order impounding all articles in the custody or control of Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com that the Court has reasonable cause to believe were or are involved in the trafficking of counterfeit and/or illicit COAs.

60.     As a result of Avala Technology, Inc. d/b/a esuperdeal.com, Superdealonline and/or Superdealonline.com's wrongful conduct, Microsoft has suffered and will continue to suffer damages.

61.     In addition, Microsoft should as the injured party be awarded attorneys' fees and costs.

41826-5022/LEGAL124224955.1

## Fifth Claim

## [Violation of – O.C.G.A. § 10-1-370, *et seq.*]

### Against Defendants

62.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61, inclusive.

63.     The acts and conduct of Defendants as alleged above in this Complaint violate O.C.G.A. § 10-1-370, *et seq.*

64.     The acts and conduct of Defendants are likely to cause confusion and mistake among customers, end users, and the public as to the origin or association of Defendants' infringing Microsoft software and/or components.  The acts and conduct of Defendants are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software and/or components solicited for distribution, distributed, offered, advertised, and marketed by Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

## Sixth Claim

## [Georgia Common Law Unfair Competition]

### Against Defendants

41826-5022/LEGAL124224955.1

65.     Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 64, inclusive.

66.     The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Georgia.

67.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

## Seventh Claim

## [For Imposition Of A Constructive Trust Upon Illegal Profits]

## Against Defendants

68.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 67, inclusive.

69.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

70.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

41826-5022/LEGAL124224955.1

71.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

72.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

**Eighth Claim**

**[Accounting]**

**Against Defendants**

73.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 72, inclusive.

74.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

75.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

76.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by

Defendants of the precise number of units of infringing material advertised, marketed, offered or distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)    That the Court enter a judgment against Defendants as indicated below:

(a)    that Defendants have infringed Microsoft's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

        (1)    TX 7-219-968 ("Office 2010");

        (2)    TX 7-218-085 ("Excel 2010");

        (3)    TX 7-206-501 ("Outlook 2010");

        (4)    TX 7-219-973 ("PowerPoint 2010");

        (5)    TX 7-206-498 ("Word 2010");

        (6)    TX 7-206-489 ("Publisher 2010");

        (7)    TX 7-206-461 ("Access 2010"); and

        (8)    TX 7-206-464 ("OneNote 2010");

(b)    that Defendants have infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

41826-5022/LEGAL124224955.1

(1)     1,200,236 ("MICROSOFT");

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS");

(4)     3,625,391 ("MICROSOFT OFFICE");

(5)     3,238,869 ("ACCESS");

(6)     3,905,556 (ACCESS LAUNCH ICON);

(7)     2,942,050 ("EXCEL");

(8)     3,905,558 (EXCEL LAUNCH ICON);

(9)     4,029,299 (OFFICE 2010 DESIGN);

(10)    2,844,710 ("ONENOTE");

(11)    3,905,559 (ONENOTE LAUNCH ICON);

(12)    2,188,125 ("OUTLOOK");

(13)    3,905,560 (OUTLOOK LAUNCH ICON);

(14)    1,475,795 ("POWERPOINT");

(15)    3,905,561 (POWERPOINT LAUNCH ICON);

(16)    3,909,142 (PUBLISHER LAUNCH ICON); and

(17)    3,909,143 (WORD LAUNCH ICON);

(c)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(d)     that Defendants have violated the Anti-Counterfeiting Amendments Act of 2004 –18 U.S.C. § 2318, *et seq.*;

(e)     that Defendants have violated O.C.G.A. § 10-1-450, *et seq.* and engaged in unfair competition in violation of Georgia common law; and

(f)     that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, servants, employees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), COAs, and/or things protected by the following Copyright Certificate Registration Nos.:

(1)     TX 7-219-968  ("Office 2010");

(2)     TX 7-218-085 ("Excel 2010");

(3)     TX 7-206-501 ("Outlook 2010");

(4)     TX 7-219-973 ("PowerPoint 2010");

(5)     TX 7-206-498 ("Word 2010");

(6)     TX 7-206-489 ("Publisher 2010");

(7)     TX 7-206-461 ("Access 2010"); and

(8)     TX 7-206-464 ("OneNote 2010");

or the software programs, components and/or things protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1)     1,200,236 ("MICROSOFT");

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS");

(4)     3,625,391 ("MICROSOFT OFFICE");

(5)     3,238,869 ("ACCESS");

(6)     3,905,556 (ACCESS LAUNCH ICON);

(7)     2,942,050 ("EXCEL");

(8)     3,905,558 (EXCEL LAUNCH ICON);

(9)      4,029,299 (OFFICE 2010 DESIGN);

(10)    2,844,710 ("ONENOTE");

(11)    3,905,559 (ONENOTE LAUNCH ICON);

(12)   2,188,125 ("OUTLOOK");

(13)   3,905,560 (OUTLOOK LAUNCH ICON);

(14)   1,475,795 ("POWERPOINT");

(15)   3,905,561 (POWERPOINT LAUNCH ICON);

(16)   3,909,142 (PUBLISHER LAUNCH ICON); and

(17)   3,909,143 (WORD LAUNCH ICON);

and any other things or works now or hereafter protected by any Microsoft trademark or copyright;

(b)   trafficking in counterfeit or illicit labels, as defined by 18 U.S.C. § 2318;

(c)   manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(d)   using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or

copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or thing not authorized or licensed by Microsoft;

(e)     using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade, public, or individuals erroneously to believe that any software program, component, and/or thing has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(f)     engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark, and/or copyrights, or of Microsoft's rights in, or right to use or exploit, these trademarks, service mark, and/or copyrights; and

(g)   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

(3)   That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related thing, including business records, that is in Defendants' possession or under their control;

(4)   That the Court enter an order of impoundment, pursuant to 18 U.S.C. § 2318(f)(2), impounding all articles in the custody or control of Defendants that the Court has reasonable cause to believe were or are involved in the trafficking of counterfeit or illicit COAs, and any related things, including business records, that are in Defendants' possession or under their control;

(5)   That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

41826-5022/LEGAL124224955.1

(6)     That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a)     Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b)     Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

(c)     Microsoft's damages and Defendants' profits, pursuant to 18 U.S.C. § 2318(f)(3), for Defendants' knowing trafficking in counterfeit and illicitCOAs, or, in the alternative, statutory damages, pursuant to 18 U.S.C. § 2318(f)(4); and

(d)     Microsoft's damages and Defendants' profits pursuant to O.C.G.A. § 10-1-450, *et seq.*, and Georgia common law.

(7)     That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(8)     That the Court grant to Microsoft such other and additional relief as is just and proper.

41826-5022/LEGAL124224955.1

Dated:  February 4, 2015                    Respectfully submitted,


                                            */s/ David M. Lilenfeld*
                                            David M. Lilenfeld Bar No. 452399
                                            Kaitlyn A. Dalton Bar No. 431935
                                            Attorney for Plaintiff
                                            LILENFELD PC
                                            Buckhead Centre
                                            2970 Peachtree Road N.W.
                                            Suite 530
                                            Atlanta, Georgia 30305
                                            (404) 201-2520 – telephone
                                            (404) 393-9710 – facsimile
                                            David@LilenfeldPC.com
                                            Kaitlyn@lilenfeldpc.com

                                            **ATTORNEYS FOR PLAINTIFF
                                            MICROSOFT CORPORATION**

41826-5022/LEGAL124224955.1